## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBYN H. BRIGGS,<br>            Appellant, | DOCKET NUMBER<br>AT-0752-14-0271-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>            Agency. | DATE: November 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robyn H. Briggs, Doraville, Georgia, pro se.

Sharon Gipson Allen, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her 15-day suspension.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant is a Contact Representative for the Internal Revenue Service (IRS).  Initial Appeal File (IAF), Tab 4, subtab 4b.  Effective November 12, 2013, the agency suspended the appellant from her position for 15 days based on a charge of failure to display professional behavior when responding to customer calls.  IAF, Tab 4, subtabs 4c, 4i.  The charge is supported by three specifications in which the agency asserts that the appellant failed to exhibit courteous and professional behavior to taxpayers during telephone calls on April 8, 2013, April 22, 2013, and April 29, 2013.  IAF, Tab 4, subtab 4i.  The agency explained that the appellant, as a Contact Representative, was required to provide customer service to taxpayers by responding to telephone calls in a professional manner without talking down to customers and by dealing with the customer's feelings, if appropriate, through tone, voice inflection, and rate of speech.  *Id.*  The appellant's supervisor testified that, after she randomly reviewed recordings of the appellant's telephone calls in response to a complaint from a congressman's office asserting that the appellant had been rude to one of his constituents during

a phone call, she determined that the appellant had engaged in unprofessional behavior on several calls. IAF, Tab 17, Hearing Compact Disc (CD) at Tracks 1-2.

¶3 The appellant filed an appeal contesting the charge and asserting an affirmative defense that the agency acted in reprisal for her prior equal employment opportunity (EEO) activity. IAF, Tab 1 at 5. Following a hearing, the administrative judge issued an initial decision sustaining the 15-day suspension. IAF, Tab 21, Initial Decision (ID). The administrative judge found that the agency proved two of its three specifications and its charge of failure to display professional behavior based on audio recordings of the appellant's telephone calls that the agency played during the hearing. ID at 3-10. The administrative judge further found that the appellant failed to establish her affirmative defense of reprisal based on a prior EEO complaint that she had filed in 2010. ID at 14-16. In reaching her decision, the administrative judge found that, although the proposing official was aware of the appellant's prior EEO activity, there was no evidence that her suspension was issued in retaliation because the appellant unquestionably committed the misconduct at issue, the deciding official was not aware of her prior EEO activity, and the lapse in time between her protected activity and suspension was too long to support an inference of retaliation. ID at 15-16.

¶4 At the close of the hearing, the administrative judge instructed the agency to provide the audio recordings of the appellant's telephone calls that were played during the hearing to be admitted as an agency exhibit. IAF, Tab 17, Hearing CD at Track 4; IAF, Tab 18. The administrative judge further informed the appellant that she could object to the audio recordings if she believed them to be altered from what had been played during the hearing. IAF, Tab 17, Hearing CD at Track 4. The appellant subsequently objected to the CD, asserting that she believed that two of the calls had been altered. IAF, Tab 19. On review, the appellant argues that both the audio recordings played during the hearing and

those on the CD produced by the agency after the hearing are altered or inaccurate and the administrative judge thus erred in relying on the audio recordings. Petition for Review (PFR) File, Tab 1 at 4-6. The appellant also reasserts that the agency retaliated against her. *Id.* at 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　　In her initial decision sustaining the suspension, the administrative judge noted that, while the appellant did not object to the audio recordings played during the hearing, she objected to the CD containing the audio recordings produced by the agency after the hearing because she alleged that portions of the CD were inaccurate. ID at 4-5 n.1. Consequently, the administrative judge based her findings on the audio recordings played during the hearing and did not consider those portions to which the appellant objected. ID at 4-5 n.1. We find unavailing the appellant's contention that the administrative judge erred in relying on the audio recordings played during the hearing. Because the appellant did not object to the administrative judge's ruling on this matter during the proceedings below, she is precluded from doing so on review. *See, e.g.*, *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 9 (2010). We further find that the appellant's contention that the administrative judge erred in admitting the CD as an exhibit provides no basis for reversal because, even if it were an error, it did not prejudice the appellant's substantive rights where the administrative judge based her findings solely on the audio recordings played during the hearing, to which the appellant did not object. ID at 4-5 n.1; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶6　　　We note that, during the hearing, the administrative judge specifically asked the appellant if the audio recordings played sounded at all inaccurate, and the appellant indicated that they did not sound altered. IAF, Tab 17, Hearing CD

at Track 4. In addition, during the hearing the appellant testified regarding the audio recordings of her calls played by the agency without ever raising any issues about their accuracy.[2] *Id.* Indeed, the appellant testified that she acknowledged that she had talked over the taxpayers on the calls played during the hearing and, with respect to one call, she agreed that she had engaged in uncalled-for "back and forth" with the taxpayer, cut the taxpayer off, sounded rude and disrespectful on the call, did not treat the taxpayer courteously or professionally, and she expressed remorse for her actions on the call. *Id.*

¶7        In addition, on review the appellant also reasserts that her suspension action was taken in reprisal for her prior EEO activity but does not offer any specific argument challenging the administrative judge's findings that she failed to prove her affirmative defense. PFR File, Tab 1. With her petition, the appellant includes a copy of an undated document which she asserts confirms that she filed a prior EEO complaint alleging that she was subjected to sexual harassment based on incidents that occurred in 2007 and 2008. *Id.* at 8. We find that this document does not constitute new and material evidence under 5 C.F.R. § 1201.115(d) because the appellant has not shown that it was unavailable prior to the close of the record below despite due diligence and would not warrant an outcome different from that of the initial decision. *See, e.g.*, *Le v. U.S. Postal Service*, 114 M.S.P.R. 430, ¶ 6 (2010). The record does not reflect any dispute regarding whether the appellant filed an EEO complaint. Rather, the administrative judge found that there was no nexus between the appellant's prior EEO activity and her suspension and that the agency officials credibly testified either that they were not aware of the appellant's prior EEO activity or that the appellant's prior EEO activity had no impact on their decisions regarding the appellant's suspension. ID at 14-16.

---

[2] Although the appellant indicated that the volume appeared to be amplified, she did not maintain that the substance of the audio recordings was inaccurate. IAF, Tab 17, Hearing CD at Track 4.

¶8    The appellant's general assertions on review that the administrative judge erred in finding that she failed to prove her affirmative defense are insufficient to disturb the administrative judge's well-reasoned initial decision.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.